IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTHIE HOOVER,<br>2950 State Road<br>New Castle, PA 16101<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRIGHTON REHABILITATION<br>AND WELLNESS CENTER<br>9704, 246 Friendship Circle<br>Beaver, PA 15009<br><br>　　　　Defendant. | JURY TRIAL DEMANDED<br><br>CASE NO. 2:21-cv-735 |

CIVIL ACTION COMPLAINT

PARTIES AND JURISDICTION

1. Plaintiff, Ruthie Hoover, is an individual and citizen of the Commonwealth of Pennsylvania, residing at 2950 State Road, New Castle, Pennsylvania 16101.

2. Defendant, Brighton Rehabilitation and Wellness Center employed Hoover at 246 Friendship Circle, #9704, Beaver, Pennsylvania 15009.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A," a true and correct copy of the Notice of Right to Sue).

5. This action is instituted pursuant to the Age Discrimination in Employment Act of 1967 and applicable federal law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

## FACTUAL ALLEGATIONS

7. Plaintiff was hired by Defendant on or about November 23, 2015, as the Director of Dining Services and was a loyal diligent and competent employee.

8. Plaintiff has 51 years of experience in the food-service industry. Prior to her position with Defendant, Plaintiff's experience included over six years in nursing homes in Executive Chef or Director of Dining positions, and the remainder in hospitals, restaurants, colleges, country clubs, and B&Bs. Plaintiff has an Associate's Degree from her culinary school where she was valedictorian of her class. Plaintiff is ServSafe certified and is a Certified Dietary Manager.

9. As Director of Dining Services with Defendant, she was responsible for overseeing the food production process, which included purchasing food, food specification, meal preparation, service, and sanitation. The kitchen staff reported to Plaintiff, and she was responsible for orienting, training, and managing the kitchen staff. Plaintiff also created a Diet Manual, a Policies and Procedures Manual, Menus, Substitution Sheets, and other forms required to run the day-to-day operations of Dining Services.

10. On or around November 15, 2019, Defendant hired a new Administrator, Ronald Cheli. Plaintiff believes Mr. Cheli to be approximately 43 years of age.

11. All previous Administrators expressed that Plaintiff did a great job. and she was introduced to Mr. Cheli by then-acting Administrator, Nick, who said, "We love Ruthie," referring to Plaintiff.

12. Upon Mr. Cheli becoming the Administrator, Plaintiff noticed that he treated her disparately from those younger than her, including acting as though he did not want to speak to Plaintiff, looking at Plaintiff with disgust, not make eye contact with speaking with Plaintiff, and being exceedingly dismissive of Plaintiff. Mr. Cheli also other woman over the age of 40 years

similiary to that of Plaintiff, including the Administrative Secretary, believed to be approximately 63 years of age, and the Regional Director of Dining Services, believed to be approximately 47 years of age.

13. Approaching the end of 2019, there were several comments directed towards Plaintiff indicating that due to her age she should not still be working or clearly suggesting that she should retire, including Jayme Berryman, the Human Resources Director, asking Plaintiff, "Why are you still working?" and "Why don't you retire?"

14. On or about January 21, 2020, Defendant terminated Plaintiff's employment and told her, "There is no management in the kitchen," without any additional explanation as to why she was terminated. Defendant did not provide Plaintiff with a performance review or any documentation.

15. At the time of her termination, Plaintiff was 66 years of age.

16. At the time of her termination, Plaintiff was earning approximately $70,000 on an annual basis.

17. Following Plaintiff's terminations, Defendants filled the Director of Dining Services position with a woman who is believed to be 50 years of age and less qualified than Plaintiff. Plaintiff's replacement does not know food preparation, does not have culinary experience, is not ServSafe certified, and is not a Certified Dietary Manager – all qualifications that Plaintiff holds.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") - DISCRIMINATION
### (29 U.S.C. § 621 et seq.)

18. Plaintiff incorporates all foregoing paragraphs as if fully set forth at length herein.

19. As set forth above, Plaintiff's status as a female over the age of 40 places her in a protected class.

20. Defendant took adverse action against Plaintiff by terminating her employment.

21. Plaintiff's age was the reason Defendant terminated Plaintiff's employment.

22. As such, Defendant's decision to terminate Plaintiff's employment is an action prohibited by the ADEA.

23. Any non-discriminatory reasons offered by Defendant for Plaintiff's termination are pretextual.

24. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

25. As a result of the willful conduct of Defendant's owners/management, Plaintiff hereby demands liquidated damages.

26. Pursuant to the ADEA, Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Ruthie Hoover, demands judgment in her favor and against Defendant, Brighton Rehabilitation and Wellness Center, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

    B.  Liquidated damages;

    C.  Attorneys' fees and costs of suit;

    D.  Interest, delay damages; and,

    E.  Any other further relief this Court deems just proper and equitable.

## COUNT II
## VIOLATION OF THE PENNYSLVANIA HUMAN
## RELATIONS ACT ("PHRA") – AGE DISCRIMINATION
## (43 P.S. §§ 951-963)

27.    Plaintiff incorporates all foregoing paragraphs as if fully set forth at length herein.

28.    As set forth above, Plaintiff's status as a female over the age of 40 places her in a protected class.

29.    Defendant took adverse action against Plaintiff by terminating her employment.

30.    Plaintiff's age was the reason Defendant terminated Plaintiff's employment.

31.    As such, Defendant's decision to terminate Plaintiff's employment is an action prohibited by the PHRA.

32.    Any non-discriminatory reasons offered by Defendant for Plaintiff's termination are pretextual.

33.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

34.    Pursuant to the PHRA., Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Ruthie Hoover, demands judgment in her favor and against Defendant, Brighton Rehabilitation and Wellness Center, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Attorneys' fees and costs of suit;

C.  Interest, delay damages; and,

D.  Any other further relief this Court deems just proper and equitable.

DATE: <u>June 3, 2021</u>                               **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**Robert H. Graff, Esquire**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Direct: (267) 546-0138
Fax: (215) 944-6124
RobertG@EricShore.com
*Attorneys for Plaintiff, Ruthie Hoover*